UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FIRST FINANCE, LLC,<br><br>　　　　　Defendant. | No.  1:23-cv-00659-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

On March 27, 2023, Plaintiff Alex Garcia ("Plaintiff") filed his Complaint in the Superior Court of California, County of Stanislaus, against Defendant American First Finance, LLC, ("Defendant") alleging two causes of action:  (1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, et seq.; and (2) violation of California Civil Code § 1632.  See Not. Removal, ECF No. 1, Ex. A, at 10–31 ("Compl.").  Defendant subsequently removed the case to this Court on April 28, 2023, purportedly pursuant to both its federal question jurisdiction under 28 U.S.C. § 1331 and its diversity jurisdiction under 28 U.S.C. § 1332.  See id., ECF No. 1, at 1–6.  Presently before the Court is Plaintiff's Motion to Remand and for an Award of Attorneys' Fees.  ECF No. 9.  For the following reasons, Plaintiff's Motion to Remand is GRANTED, and his request for attorneys' fees is DENIED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this

1

# BACKGROUND[2]

In January 2017, Plaintiff purchased tires from a merchant in Stockton for approximately $1,200.  To pay for the transaction, the merchant used financing offered by Defendant, which was available through an internet portal accessed by the merchant.  Plaintiff speaks only Spanish and could not read the financing contract that was used.  According to Plaintiff, the contract was issued in violation of California law because Defendant's contracts, or Security Agreements, are consumer agreements originated by a finance company without the required California license and with interest rates that greatly exceed the maximum of 30% that could be charged for such a loan and that are unconscionable.  By way of his First Cause of Action, Plaintiff alleges that these practices violate the UCL because they contravene, among other things:  (1) California's Financing Law, California Finance Code §§ 22000, et seq.; (2) California Civil Code § 1670.5; (3) California Civil Code § 1770(a)(19); and (4) the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.  As to his Second Cause of Action, Plaintiff contends that the failure to provide a Spanish language contract violates California Civil Code § 1632.  As far as relief, Plaintiff seeks restitution of the $1,200, a declaration stating that Defendant's Security Agreements are void, and a public injunction to put a stop to Defendant's allegedly illegal conduct.

# STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under

---

matter submitted on the briefs.  E.D. Local Rule 230(g).

[2] The following facts are taken, primarily verbatim, from the parties' papers.

28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. It has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYSIS**

Defendant contends jurisdiction here is proper under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Even if that is not the case, however, Defendant argues in the alternative that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff

references TILA as a basis for his UCL claim. Plaintiff, on the other hand, contends that Defendant has not adequately shown the amount in controversy is met or that any significant federal question is implicated in Plaintiff's complaint. Plaintiff has the better arguments.

### A. Diversity Jurisdiction[3]

Plaintiff's only direct request for monetary relief is his restitution demand for $1200. Accordingly, to meet the amount in controversy requirement, Defendant argues instead that the Court should consider the total value of the public injunction Plaintiff seeks, by means of quantifying how much such relief will cost Defendant. Defendant thus relies on the "either viewpoint rule," which establishes that "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co., 264 F.3d 952, 958 (9th Cir. 2001). According to Defendant, the Court should thus consider the aggregate cost to Defendant should a public injunction be entered against it.[4]

Notably, however, there is an exception to the "either viewpoint rule" in class action cases that are not governed by the Class Action Fairness Act. See Enriquez v. Sirius XM Radio, Inc., 1:21-CV-1240-AWI-BAK, 2022 WL 4664144, at *4 (E.D. Cal. 2022). In such cases, "the 'either viewpoint rule' does not apply (unless the class is uniting to enforce a single title or right in which they have a common and undivided interest) and the amount in controversy is based on the benefit to each individual plaintiff and not on the aggregate cost of compliance to the defendant as to all class members." Id.

A number of courts have also applied this same treatment to cases like this one, a case that is not a class action, but where the injunction sought is public in nature. Id. "That is, [Plaintiff] seeks injunctive relief that will provide meaningful benefit primarily to

---

[3] It is undisputed that the parties are domiciled in different states and are thus diverse. The only issue before the Court as to diversity is whether the amount in controversy is met.

[4] Defendant contends the requested injunction will cost it millions of dollars. At the very least, there is no dispute that the aggregated value of the injunction to Defendant would exceed $75,000.

4

California consumers." Id. "Courts that have examined the issue generally find that because such UCL . . . claims seek relief on behalf of numerous individuals, the claims are sufficiently akin to class actions that the prohibition against aggregation and use of the 'either viewpoint rule'/'defendant viewpoint rule' will apply." Id. The Court agrees with this approach. Id. As such, because "the rights at issue are not single or unified, . . . the value of the injunction is based on the nature of the right asserted by [Plaintiff]." Id. at *5.[5] Defendant has not even attempted to show that the value of the injunction to Plaintiff individually would be remotely material in meeting the threshold requirement. Accordingly, the Court finds that Defendant's reliance on the value of the public injunction to meet the amount in controversy requirement is insufficient.[6]

The same conclusion applies to Defendant's reliance on attorneys' fees to meet the amount in controversy threshold. Those fees cannot be aggregated when it comes to the public injunction. See id. at *6. Nor has Defendant shown that absent aggregation Plaintiff would incur sufficient fees to establish diversity jurisdiction. The Court thus concludes that Defendant has not met its burden to show that this case is properly before the Court under 28 U.S.C. § 1332.

### B.     Federal Question

Defendant's arguments as to federal question jurisdiction fare no better. This Court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v.

---

[5] This conclusion makes practical sense because "treating a § 17200 representative claim as an individual claim—where the total cost of the injunction in the public's favor would be considered part of the amount in controversy—would essentially create federal jurisdiction over any section 17200 claim between diverse parties, no matter how small the injury to the representative plaintiff, an untenable result as [s]ection 17200 is not a federal cause of action." Doe v. Aetna, Inc., No. 17-cv-07167-EMC, 2018 WL 1614392, at *4 (N.D. Cal. Apr. 4, 2019) (internal quotation marks and citations omitted).

[6] The Court is aware that two courts reached contrary conclusions. See Myers v. Merrill Lynch & Co., Inc., 1999 WL 696082 (N.D. Cal. Aug. 23, 1999); Mangini v. R.J. Reynolds Tobacco Co., 793 F. Supp. 925, 928 (N.D. Cal. 1992). Neither of these decisions is persuasive. "The Myers court relied in part on Mangini in reaching its conclusions. However, Mangini was authored by Judge Conti, who later disavowed Mangini and reached the opposite conclusion in Boston Reed Co. [v. Pitney Bowes, Inc., 2002 WL 31654558, *10-11 (C.D. Cal. Nov. 12, 2002)]." Enriquez, 2022 WL 4664144, at *4 n.1.

Williams, 482 U.S. 386, 392 (1987).  If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless, there are rare exceptions when a well-pleaded state-law cause of action will be deemed to arise under federal law and support removal.  They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  ARCO Env't Remediation L.L.C. v. Dep't of Health & Env't Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

Defendant contends that because Plaintiff's UCL claim lists a federal TILA violation as one possible predicate event, the third exception is implicated.  The Court disagrees:

> A state law cause of action "arises under" federal law and confers federal question jurisdiction when it "necessarily raise[s] a stated federal issue [that is] actually disputed and substantial."  Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  "[F]ederal law [must do] . . . more than just shape a court's interpretation of state law; the federal law must be at issue" in the plaintiff's claim.  Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir.2009) (emphasis in original).

Briggs v. First Nat. Lending Services, No. C 10-00267 RS, 2010 WL 962955, at * 2 (N.D. Cal. Mar. 16, 2010).  Moreover, "[i]It is well-established in the Ninth Circuit that '[w]hen a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'"  Id. at *3 (quoting Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996)).  "Here, since the complaint's UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA is not considered a necessary element."  Id.  Defendant offers no meaningful argument to the contrary, and the Court thus concludes no basis for federal question jurisdiction has been established.  Plaintiff's Motion to Remand is thus GRANTED.

**C.     Fees**

Given the above conclusion, Plaintiff argues he should be awarded his attorneys' fees because Defendant lacked an objectively reasonable basis for seeking removal. Although the Court finds removal was improper, given the lack of binding case law directly on point with regard to the amount in controversy and the existence of outlier cases supporting Defendant's positions, it does not agree that removal was objectively unreasonable. Plaintiff's request for fees is thus DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 9, is GRANTED, but his fee request is DENIED. The Clerk of Court is directed to remand this action back to the Superior Court of California, County of Stanislaus, and to close the case.

IT IS SO ORDERED.

Dated:  October 27, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

7